# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SEAWAY BANK AND TRUST COMPANY,<br><br>        Plaintiff,<br>v.<br><br>MVF PROPERTIES, LLC, JAMES C. FAZIO, FAZIO AUTOMOTIVE INC., AMANDA MAY REITZ, JOHN DOES A THROUGH N and JANE DOES A THROUGH N,<br><br>        Defendants,<br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Seaway Bank and Trust Company,<br><br>        Counterclaim Defendant. | Case No. 17-CV-578-JPS<br><br>**ORDER** |

## 1. INTRODUCTION

This case was originally filed in Milwaukee County Circuit Court by plaintiff Seaway Bank and Trust Company ("Seaway") against defendants MVF Properties, LLC ("MVF"), James C. Fazio ("Fazio") and Fazio Automotive Inc. ("FA"). (Docket #1 at 1-2, #4). Subsequent to the filing of the case in Milwaukee County, Seaway Bank was closed and the Federal Deposit Insurance Corporation ("FDIC") was appointed as its Receiver. (Docket #1 at 2). The defendants in the state court action filed counterclaims against Seaway, and the FDIC stepped into that action in Seaway's shoes to

defend against the counterclaims. *Id.* The FDIC then removed the case to this Court, *id.* at 1-2, and moved for dismissal of MVF, Fazio, and FA's counterclaims, on the basis that this Court lacks jurisdiction over the counterclaims because MVF, Fazio, and FA did not first exhaust a statutory, mandatory pre-litigation claims process established by the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), (Docket #7). MVF, Fazio, and FA did not oppose the FDIC's motion. For the reasons stated below, the Court will grant the FDIC's motion.

2. **STANDARD OF REVIEW**

The FDIC has moved to dismiss the defendants' counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). This rule provides for dismissal of pleadings which fail to state a viable claim for relief. Fed. R. Civ. P. 12(b)(6). To state a viable claim, a pleading must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the pleading must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The allegations must "plausibly suggest" a right to relief, "raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (citation omitted).

In reviewing the counterclaims of defendants MVF, Fazio, and FA, the Court is required to "accept as true all of the well-pleaded facts . . . and draw all reasonable inferences in [the defendants'] favor[.]" *Id.* at 480-81. However, a counterclaim that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

The Court must identify allegations "that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.

## 3. RELEVANT ALLEGATIONS

The facts relevant to the pending motion are few and straightforward. They are taken from the notice of removal and exhibits thereto, relevant pleadings from the state court action, the FDIC's memorandum in support of its motion to dismiss, and the affidavit filed in support of the FDIC's motion. (Docket #1, #4, #6, #7-1, #7-2).

Plaintiff Seaway filed an action in Wisconsin state court on September 12, 2016 alleging that defendant MVF defaulted on certain loan and security agreements entered into between Seaway and MVF that were guaranteed by defendants Fazio and FA. On March 10, 2017, MVF, Fazio and FA asserted various counterclaims against Seaway for breach of contract, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, violation of Wisconsin's Deceptive Trade Practices Act and for an accounting of an escrow account.

Before MVF, Fazio, and FA lodged their counterclaims against Seaway, though, the Illinois Department of Financial & Professional Regulation—Division of Banking closed Seaway and appointed the FDIC as its Receiver, pursuant to 12 U.S.C. §§ 1464(d)(2) and 1821(c)(5). The FDIC set a "claims bar date" of May 3, 2017, meaning that creditors were required to submit claims pertaining to Seaway to the FDIC by that date. The FDIC published a notice in the Federal Register about its appointment, as well as notices in Chicago and Milwaukee newspapers about the Claims Bar Date. Notice of the claims bar date was mailed to MVF, Fazio, and FA on February 7, 2017—before those parties filed their counterclaims against Seaway.

MVF, Fazio, and FA did not submit claims to the FDIC against Seaway, the receivership, or the receivership estate by the Claims Bar Date.

On March 30, 2017, the FDIC filed a notice of substitution as counterclaim-defendant in Seaway's place in the Milwaukee County case. On April 24, 2017, the FDIC removed the case to this Court, and subsequently filed the instant motion to dismiss the counterclaims filed by MVF, Fazio, and FA against Seaway.

4. ANALYSIS

The Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") established an administrative claims process for resolving claims against a failed financial institution. 12 U.S.C. §§ 1821(d)(3)-(13). As part of that process, the FDIC may set a "claims bar date" for claims against the failed financial institution, after which the FDIC has 180 days to review and grant or deny each claim. 12 U.S.C. §§ 1821(d)(3), (d)(5)(C), (d)(5)(A)(i). According to the exception allowing federal jurisdiction, a claimant may then "file suit on such claim (or continue an action commenced before the appointment of the receiver)" in district court, within sixty days of either the FDIC's initial determination or conclusion of the 180–day period in which the FDIC may make a determination. 12 U.S.C. § 1821(d)(6)(A).

The statute mandates use of the administrative claims process before a federal court may hear a claim against a failed bank for which the FDIC acts as receiver. *See* 12 U.S.C. § 1821(d)(13)(D) (no jurisdiction over claims against an institution for which the FDIC is appointed receiver, except as otherwise provided). As the Seventh Circuit has noted, "FIRREA contains a clear jurisdictional bar against suits seeking payment of claims against failed banks taken over by the FDIC[.]" *Miller v. F.D.I.C.*, 738 F.3d 836, 844 (7th Cir. 2013); *see also Maher v. F.D.I.C.*, 441 F.3d 522, 525 (7th Cir. 2006)

("Under FIRREA, a claimant can file an administrative claim with the receiver, which then has 180 days to allow or deny the claim. If the receiver denies or does not render a decision within 180 days, the claimant has 60 days to file suit. Federal courts lack jurisdiction to address claims that fail to comply with FIRREA's administrative claims process.").

In this case, MVF, Fazio, and FA failed to submit their claims regarding Seaway to the FDIC on or before the Claims Bar Date of May 3, 2017. Because MVF, Fazio, and FA have failed to submit their claims to the FDIC for review, they have failed to exhaust the mandatory administrative claims procedure established by FIRREA and cannot assert their claims against the FDIC or the assets of Seaway in this action. The Court will, therefore, grant the FDIC's motion and dismiss the counterclaims brought by MVF, Fazio, and FA against Seaway.[1] Because the FDIC appears in this action only to defend against those counterclaims, it will be dismissed from the action as well.

**5.    CONCLUSION**

For the reasons stated herein, the FDIC's motion to dismiss the counterclaims brought by MVF, Fazio, and FA against Seaway will be granted. The FDIC will be dismissed as well.

---

[1] In some cases, rather than dismissing unexhausted claims, courts have interpreted FIRREA as allowing for entry of a stay pending exhaustion. *See, e.g., Brown Leasing Co. v. F.D.I.C.*, 833 F. Supp. 672, 675 (N.D. Ill. 1993), aff'd sub nom. *Brown Leasing Co. v. Cosmopolitan Bancorp, Inc.*, 42 F.3d 1112 (7th Cir. 1994) ("Generally, a district court exercises its discretion and stays the proceedings to permit exhaustion of the mandatory administrative claims review process.") (internal quotation omitted). However, entry of a stay in this case would be futile, because MVF, Fazio, and FA have missed entirely their opportunity to exhaust their claims within the prescribed timeline.

Accordingly,

**IT IS ORDERED** that the Federal Deposit Insurance Corporation's motion to dismiss (Docket #7) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the counterclaims asserted by MVF Properties, LLC, James C. Fazio, and Fazio Automotive, Inc. against Seaway Bank and Trust Company be and the same are hereby **DISMISSED**; and

**IT IS FURTHER ORDERED** that the Federal Deposit Insurance Corporation be and the same is hereby **DISMISSED** from this action.

Dated at Milwaukee, Wisconsin, this 11th day of October, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge