# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SEAWAY BANK AND TRUST COMPANY, <br><br> Plaintiff, <br> v. <br><br> MVF PROPERTIES, LLC, JAMES C. FAZIO, FAZIO AUTOMOTIVE INC., AMANDA MAY REITZ, JOHN DOES A THROUGH N and JANE DOES A THROUGH N, <br><br> Defendants. | Case No. 17-CV-578-JPS <br><br> **ORDER** |

This case, originally filed in Milwaukee County Circuit Court, was removed to this Court on April 24, 2017 by former Defendant Federal Deposit Insurance Corporation ("FDIC") pursuant to 12 U.S.C. § 1819(b)(2)(A), which provides that all actions in which the FDIC is a party are "deemed to arise under the laws of the United States." (Docket #1). On October 11, 2017, the Court granted the FDIC's motion to dismiss the counterclaims pending against it. (Docket #20). The Court also dismissed the FDIC from the case. *Id.* The remaining claims arise under state law. *See* (Docket #4).

Plaintiff Seaway Bank and Trust Company ("Seaway") has now filed a motion to remand this case to Milwaukee County Circuit Court. (Docket #28). In support of its motion, Seaway states that remand is an appropriate exercise of this Court's discretion because "the federal-law claims have dropped out, and the remand request doesn't involve a plaintiff who

initially sought removal only to later request remand as a means of forum-shopping." *Id.* at 2 (citing *Carnegie-Mellon University, et al. v. Maurice B. Cohill, Jr.*, 484 U.S. 343 (1988)). The remaining Defendants have not opposed Seaway's motion.

The supplemental-jurisdiction statute provides that a district court "may decline to exercise supplemental jurisdiction" over state-law claims if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "When federal claims drop out of the case, leaving only state-law claims, the district court has broad discretion to decide whether to keep the case or relinquish supplemental jurisdiction over the state-law claims." *RWJ Mgmt. Co. v. BP Prod. N. Am., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012). The presumption is in favor of relinquishment. *Id.* 479.

In light of the lack of opposition by any Defendant to Plaintiff's motion, and bearing in mind the considerations of judicial economy, the Court finds it appropriate to remand this case back to Milwaukee County Circuit Court to resolve the remaining state law claims.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to remand (Docket #28) be and the same is hereby **GRANTED**. The Clerk of the Court is directed to take all appropriate steps to effectuate the remand of this case back to the Milwaukee County Circuit Court.

Dated at Milwaukee, Wisconsin, this 30th day of November, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge